UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LALETA MCCLURE,                                       )<br>                                                                )<br>            Plaintiff,                                      )<br>                                                                )<br>v.                                                              )        CAUSE NO.<br>                                                                )<br>CHECK INTO CASH OF INDIANA, LLC,   )<br>                                                                )<br>            Defendant.                                  ) | |

## COMPLAINT

Plaintiff alleges against Defendant that:

1. The Plaintiff is LaLeta McClure, a resident of Allen County, New Haven Indiana at all material times to this Complaint.

2. The Defendant is Check Into Cash of Indiana, LLC, a company doing business at 208 East Pettit Avenue, #52, Fort Wayne, Indiana 46806. At all material times to this Complaint, the Defendant was an "employer" for the purposes of 42 U.S.C. § 1981.

3. Plaintiff filed a Charge of Discrimination on October 8, 2012, EEOC No. 24D-2013-00030/EO-0011-A13, a copy of which is attached hereto, incorporated herein, and made a part hereof as Exhibit "A".

4. Plaintiff is an African American/black individual who was employed by the Defendant from on or about August 10, 2012 until on or about September 21, 2012 – the date of her wrongful termination. Plaintiff performed within the reasonable expectations of the employer throughout her employment, and was a customer service representative at the time of her separation from employment. During Plaintiff's employment, she had no perfect attendance, she maintained a professional demeanor, and had performed

appropriately at all times.

5. During Plaintiff's employment, she was treated less favorably than similarly-situated non-African American/non-black employees as to the terms, conditions, and benefits of employment with the Defendant.  For example, non-African American/non-black employees were given a mileage allowance when required to take trips to the Wells Fargo Bank, whereas Plaintiff was never given mileage reimbursement of any sort.   In addition, after Plaintiff was hired in on a part-time basis, she was given full-time work hours, but not the benefits normally given to similarly-situated non-African American/non-black employees who worked full time.   In addition, Plaintiff was denied a full-time position at Defendant's New Haven Indiana location in spite of her qualifications for the position, whereas a similarly-situated Caucasian employee was hired/transferred-in to the position.

6. During Plaintiff's employment, she was subjected to repeated verbal profanity on the worksite by her assistant manager which Plaintiff found extremely objectionable and disruptive.  In response, Plaintiff submitted a complaint to the company.  However, instead of properly investigating the complaint, as the company did when similarly-situated non-African American/non-black employees filed complaints, they were not thoroughly investigated and addressed.

7. On or about September 20, 2012, Plaintiff informed her supervisor/manager that she felt that she was being treated more harshly and discriminated against because of her race/color.

8. The following day, September 21, 2012, Plaintiff was terminated.  Plaintiff alleges that the proffered reason for termination was false and pretextual, and that in reality, she was

2

discriminated against, retaliated against for protesting discriminatory treatment, and terminated on the basis of her race/color.

9. Defendant's discriminatory and retaliatory conduct was the direct and proximate cause of Plaintiff suffering the loss of her job and job-related benefits including income, and also subjected Plaintiff to inconvenience, emotional distress, and other damages and injuries.

10. Furthermore, Defendant's discriminatory and retaliatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of Plaintiff's federally protected rights under 42 U.S.C. § 1981.   Therefore, punitive damages are appropriate.

WHEREFORE, Plaintiff prays for judgment against the Defendant for compensatory damages, punitive damages, attorney's fees and costs, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

s/Christopher C. Myers
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:   (260) 424-0600
Facsimile:   (260) 424-0712
E-mail:   cmyers@myers-law.com
Attorneys for Plaintiff

IMS/js
S:\McClure Laleta\Pleadings\Complaint.docx